JESSE FOGG & *al.* vs. BENJAMIN GREENE & *al.*

If a party fail to prove one item of his account, the Judge has power during the trial to permit an amendment by striking that item from his account.

While the action is on trial on the general issue, the Judge may authorize an amendment of the christian name of a defendant.

Where notes purporting to be signed by the defendants as partners have been put in suit, and judgment rendered by default, a copy of that judgment is competent evidence in a suit against them in favor of a different plaintiff, to show that they had held themselves out as partners.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Assumpsit against *Benjamin Greene, Lawrence Greene,* and *Augustine G. Greene,* on an account annexed to the writ containing a large number of items. The delivery of all the articles, charged to *Lawrence Greene,* was proved on the trial, excepting one item of $22. On motion of the plaintiffs, they were permitted to strike this from their account, the defendants objecting thereto.

The plaintiffs introduced evidence to prove the existence of a copartnership between the defendants, and as part of it, the record of a judgment, *Fiske & als.* v. the same defendants, founded on two notes alleged to be signed by them as copartners. They did not appear, and the action was defaulted. This was objected to by the defendants, but admitted by the Judge.

One of the defendants was originally named in the writ *Augustus,* and during the trial, the plaintiffs moved for leave to amend by substituting *Augustine* for *Augustus,* which was objected to by the defendants, and permitted by the Court. The verdict was for the plaintiffs, and the defendants filed exceptions.

The case was submitted without argument, by *Garnsey,* for the plaintiffs, and by *G. G. Cushman,* for defendants.

The opinion of the Court was drawn up by

WESTON C. J. — The presiding Judge had a right, at his discretion, to permit the item, which the plaintiffs had failed to prove, to be stricken from their account. It appeared, that notes had been given to *Fiske & als.,* purporting to be signed by the defendants, as copartners. By their default, when these notes were put in

suit, the defendants admitted their liability upon them. It was competent evidence, to show that they had held themselves out as partners, and therefore tended to prove a partnership, although in transactions between other persons.

The misnomer in the christian name of one of the defendants, not having been taken advantage of in abatement, was legally amendable.

*Exceptions overruled.*